**In re AIR CARGO ENTERPRISES, INC., Debtor.**

**Bankruptcy No. 81–00032.**

United States Bankruptcy Court, D. Hawaii.

March 31, 1987.

---

John A. Chanin, Honolulu, Hawaii, pro se.

Henry E. O'Neill, Asst. U.S. Atty., Honolulu, Hawaii, for U.S.

Howard Green, Honolulu, Hawaii, for Virginia Farrell.

Wilfredo Tungol, William Klopp, Honolulu, Hawaii, for Dept. of Labor, State of Hawaii.

## MEMORANDUM DECISION AND ORDER RE: COMPENSATION

JON J. CHINEN, Bankruptcy Judge.

On January 10, 1987, two motions were filed with the Court. The first was an Application of the Law Offices of John A. Chanin ("Applicant") for Compensation for Services Rendered and For Reimbursement of Costs and Expenses Incurred as Attorney for Debtor ("Application") for the period from July 17, 1985 up to and including the closing of the estate. Applicant requests the following sums:

1. The sum of $6,708.86, including general excise tax, for services rendered up to and including January 10, 1987.

2. The sum of $210.00 for costs incurred.

3. The sum of $1000.00, including general excise tax and costs, for services to be performed from the filing of the Application until closing of the case.

The second motion was a Motion for Approval of Distribution of NAV, INC. Proceeds and Entry of Order Dismissing Case. In this motion, Debtor requested that the proceeds from NAV, INC. be distributed among the wage claimants, the taxing authorities and the Applicant for its fees and costs and, thereafter, that the case be dismissed.

On January 23, 1987, the United States of America ("United States") filed its objection to Fee Application of the Law Office of John A. Chanin. The United States contends that Applicant should not be paid for services performed after the entry of the July 12, 1985 Order Re: Dismissal of Case. The United States argues that, had Applicant exercised proper care in performing its duties up to the entry of the July 12, 1985 order, none of the additional controversies would have arisen.

A hearing was held on January 30, 1987 on the Motion to Approve Distribution of proceeds, which included distribution of the compensation requested by Applicant. Present at the hearing were James Agena, Esq., representing Air Cargo Enterprises, Inc. ("Debtor") and Applicant; Henry O'Neill, Esq., representing the United States, Howard Green, Esq., representing Virginia Farrell, and Wilfredo Tungal, Esq., representing the Department of Labor, State of Hawaii. Also present was Mr. William Klopp.

Following the hearing, the court approved certain distributions as set forth in the Order filed on March 5, 1987. However, the matter of Applicant's request for compensation and reimbursement of costs was taken under advisement so that the Court may review the file and the transcript of the hearing held on May 12, 1986. The Court, having reviewed the file and said transcript, now renders this Memorandum Decision and Order.

## FINDINGS OF FACT

1. On January 21, 1985, Debtor, through Applicant, its counsel, filed a Motion to Dismiss Case. In its Memorandum in support of the Motion to Dismiss, Debtor represented that all of the known assets of Debtor had been converted, sold or liquidated, with the exception of NAV, INC. and that efforts to market NAV, INC. have been fruitless. Debtor, through its counsel, further suggested that:

2. The liquidated assets are to be distributed as follows: 1/3rd to Applicant, 1/3rd to the taxing authorities on a pro-rata basis and 1/3rd to valid post-petition wage claimants on a pro rata basis.

2. NAV, INC. is to be marketed by Applicant. The sale is to be consummated within 3 months of this order, or the property is to be abandoned. If sold, the proceeds from NAV, INC. are to be distributed in the manner as above set-forth.

At the hearing on the Motion to Dismiss which was heard on February 15, 1985, a Stipulation To Dismiss Case was executed by Debtor, the Internal Revenue Service ("IRS"), State Department of Taxation and the State Department of Transportation. At the hearing, the City and County of Honolulu ("City & County") orally objected to the Motion to Dismiss Case, then filed a written objection on February 21, 1985. After a review of the objection by the City & County, the Court allowed its claim for delinquent taxes to be paid on a pro-rata basis with the IRS and the State Department of Taxation, and approved the Dismissal of Case, on condition that NAV, INC. will be sold at auction by Applicant and the net proceeds distributed pursuant to the Order re: Dismissal of Case. And, on July 12, 1985, the Court filed an Order Re: Dismissal of Case.

Pursuant to the order dismissing the case, Applicant published a Notice to Bidders for the sale of NAV, INC. The bid was to be opened, read and awarded on August 16, 1985. However, because of allegation of improper conduct in the bidding process, the original bid was not confirmed. And, on January 16, 1986, the Court issued an Amended Order Concerning the Sale of NAV, INC. wherein the Estate Administrator was authorized to receive sealed bids.

Pursuant to the Amended Order of January 16, 1986, a Second Amended Notice to Bidders was published on February 10, 1986. Thereafter, on March 28, 1986, a hearing was held on the Motion to Confirm Sale filed by Debtor, at which hearing, present were James Agena, Esq. representing Debtor, and Carol Muranaka, Esq. representing the United States of America. Following the hearing, the Court confirmed the sale of NAV, INC., for $4,004.00, with the proceeds from the sale to be held in an interest bearing account, after deduction of the costs of the sale. An Order Confirming Sale of NAV, INC. was filed on April 3, 1986.

On April 21, 1986, Debtor filed a Motion for Instruction, requesting the Court for instructions on the distribution of $9,200.00 in the First Hawaiian Bank in the name of NAV, Inc., generated before the sale of NAV, Inc.

At the hearing held on May 2, 1986, several parties claimed that they were entitled to the $9,200.00. As a result, the Court denied the Motion for Instruction and directed counsel to file an adversary proceeding.

On May 6, 1986, the United States on behalf of the IRS filed a Motion to Vacate Order Confirming Sale of NAV, Inc., alleging that a former employee of NAV, Inc. had disclosed the existence of approximately $37,000.00 in cash and $20,000.00 in accounts receivable which were not known at the time of the hearing on the confirmation

of the sale. The United States contended that the sale was the result of a mistake and that it was not the intent of the Court to confer a windfall to the purchaser.

A hearing was held on May 12 and 13, 1986, at which hearing, present were James Agena, Esq., representing Debtor, Henry O'Neill, Esq., representing the United States, and Charles Loomis, Esq. representing V. Farrell, the purchaser. At the hearing, a stipulation was entered among counsel present whereby the sale to Farrell was re-confirmed for $4,004.00. The stipulation provided, among others, that V. Farrell would relinquish all claims to the accounts receivable owed to NAV, INC. prior to August 9, 1986 and V. Farrell would also relinquish all claims to the cash which existed in the First Hawaiian Bank Savings Account.

On June 6, 1986, a Motion for Order to Show Cause was filed by the City & County against Debtor and its attorney for failure to make payments pursuant to the Order of Dismissal filed on July 12, 1985. At the hearing held on June 17, 1986, the Order to Show Cause was denied, for it was learned that Debtor's counsel was awaiting the final claim of IRS for delinquent taxes before making the distribution pursuant to the July 12, 1985 order.

On January 10, 1987, the following motions and application were filed:

1. Motion for Order to Show Cause filed by Debtor against V. Farrell, the purchaser, for failure to turn over the sums in the bank account to Debtor and to execute releases.

2. Application of the Law Offices of John A. Chanin for Compensation for Services Rendered and for Reimbursement of Costs and Expenses.

3. Motion for Approval of Distribution of NAV, INC. Proceeds and Entry of Order Dismissing Case.

On January 23, 1987, an Objection to Fee Application was filed by the United States on behalf of the IRS, wherein it was contended that much of the controversies after July 12, 1985 would not have occurred, if Applicant had properly performed its duties.

At the hearing held on January 28, 1987 on the Order to Show Cause, the Court found that Debtor had performed its obligations under the stipulation of June 5, 1986 regarding the sale of NAV, INC. and directed V. Farrell to perform her obligations within one week from January 28, 1987.

At the hearing held on January 30, 1987 on the Motion for Approval of Distribution of NAV, INC. Proceeds and Entry of Order Dismissing Case, the Court approved the settlement proposed by the parties present, taking under advisement the fee application of the Law Office of John A. Chanin.

This Memorandum Decision and Order deals with the fee application.

## CONCLUSIONS OF LAW

The Court has carefully reviewed the files in the case, including the transcript of the hearing held on July 12, 1986, at which hearing Gladys Benham, the former administrative manager of NAV, INC., had testified. At the hearing, Mrs. Benham testified that Applicant was given information concerning NAV, INC.'s checking account, but that Applicant was not aware of the amounts in the savings account. Mrs. Benham further testified that she did not disclose to anyone all of the assets in NAV, INC. because no one had asked her for such information.

■ The Court finds that, prior to marketing the assets of NAV, INC., Applicant should have thoroughly investigated all of the assets in NAV, INC. to determine its net value. The Court agrees with the United States that, had Applicant exercised due care in performing its duties prior to the Order of July 12, 1985, much of the controversies that followed would not have occurred.

■ It was incumbent upon Applicant to thoroughly understand the assets of NAV, INC. which were being sold at public auction. It is no excuse to say that an employee did not inform Applicant of the amount in the bank account or the amount of ac-

counts receivable. It is also incumbent upon Applicant to learn of all the liabilities of NAV, INC., including the delinquent taxes. Consequently, the Court denies the fees for all services rendered after July 12, 1985 in connection with any new sale of NAV, INC.

In addition, the Court denies all services rendered by Applicant in connection with the IRS's efforts to set aside the sale of NAV, INC. because of failure on the part of Applicant to learn of the existence of $37,000.00 in cash and $20,000.00 in accounts receivable. The Court also denies all fees in connection with the Motion for Instructions filed by Debtor.

The Court allows compensation for services on the following matters:

1. Wage claims
2. Claims of different tax authorities.
3. Trade name
4. Form of Bill of Sale
5. Lien problems
6. Release by Farrell
7. OSC filed by the City & County
8. Closing sale with V. Farrell (OSC)
9. Collection of accounts receivable

The time allowed per attorney is as follows:

| Name | Time | Rate | Total |
|------|------|------|-------|
| JAC | 1.0 | $150.00 | $ 150.00 |
| JYA | 28.85 | 85.00 | 2,452.25 |
| KYY | .35 | 65.00 | 22.75 |
| DWJ | 2.70 | 45.00 | 121.50 |
| SLF | 3.50 | 45.00 | 157.50 |
| | | | $2,904.00 |
| | | Tax | 116.16 |
| | | Total | $3,020.16 |

Debtor is authorized to pay Applicant $3,020.16 for services rendered, plus reimbursement of expenses in the sum of $210.00.

The sum of $1000.00 requested by Applicant for "services to be performed" until closing of the case is too vague to determine whether said sum is reasonable. When Applicant is able to fully explain the services to be rendered and the time necessary to perform the services until the closing of the case, it may file an Application for final compensation.

Meanwhile, all sums not disbursed are to be retained by Applicant, as counsel for Debtor, in an interest bearing account, until further orders of this Court.

IT IS SO ORDERED.